# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:04-CV-502-W

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RWM CASTERS COMPANY, ) <br> A DIVISION OF STAUNTON ) <br> CAPITAL, INC., ) <br> ) <br> Defendant. ) <br> ) | CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Amended Complaint alleged that Defendant RWM Casters Company, A Division of Staunton Capital, Inc. ("Defendant") subjected Glenda Green to a sexually hostile work environment because of her sex, female, and discharged her in retaliation for filing a charge of discrimination.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:

(1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay damages in the amount of Forty Thousand Dollars ($40,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Glenda Green. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Green at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Green.

4. If Defendant receives any inquiries regarding the employment of Glenda Green, Defendant shall provide a neutral reference consisting only of Ms. Green's dates of employment, positions held, and last hourly wage.

5. Within ten (10) days of the entry of this decree by the Court, Defendant shall

eliminate from the employment records of Glenda Green any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 140-2003-06124 and 140-2004-0224, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. Within sixty (60) days of the entry of this Decree by the Court, Defendant shall revise its current written anti-harassment policy to include a statement that federal equal employment opportunity laws prohibit harassment on the basis of sex, religion, national origin, race, disability and age. Defendant shall distribute to its current employees a copy of the revised policy within the aforementioned sixty (60) day time period. Within seventy (70) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the revised policy to all new employees and train new employees on the policy at the time of hire.

Defendant's current anti-harassment policy also appears in Defendant's employee handbook and may remain in Defendant's employee handbook until such time as Defendant revises its employee handbook. At the time that Defendant revises its employee handbook, the revised anti-harassment policy will also appear in Defendant's employee handbook. Within ten (10) days after the handbook has been revised, Defendant shall notify the Commission of the handbook revision and compliance with this provision.

7. During the term of this Decree, Defendant shall post a copy of its revised policy described in paragraph 6, supra, in all of its facilities in a place where it is visible to employees. Within ten (10) days after the policy has been revised, Defendant will post its revised policy and

notify the Commission that it has been posted. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

8.      During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6, supra, and an explanation of the rights and responsibilities of employees and managers under the policy.

Defendant certifies it conducted a training program that complies with this provision of the decree on November 20, 2006. Each subsequent training program shall be conducted in approximately one-year intervals from the November 20, 2006 training.  At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.      Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix A, hereby made a part of this Decree, in a place where it is visible to employees at its facilities.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.  Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals who have reported or complained of sexual harassment or sexual conduct, including by way of identification each person's name, last known telephone number and address, and job title;

    B. for each individual identified in 10.A. above, provide a detailed description of the individual's report/complaint and what action, if any, Defendant took in response to the report/complaint;

    C. For each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that the Defendant

is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant. The Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

IT IS SO ORDERED.

Signed: February 5, 2007

_____
Frank D. Whitney
United States District Judge

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and RWM Casters Company, a Division of Staunton Capital, Inc.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. RWM Casters Company will comply with such federal laws in all respects. Furthermore, RWM Casters Company will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

RWM Casters is required to post this notice for two (2) years, through February 5, 2009.

**APPENDIX A**